Mitchell Segal, Esq. MS4878
Law Offices of Mitchell Segal, P.C.
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021
Ph: (516) 415-0100
Fx: (516) 706-6631
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JAY WINEGARD, on behalf of himself and all
others similarly situated,

                   Plaintiff,

           -against-

Case No.:

CLASS ACTION COMPLAINT

JOHNSON & JOHNSON,
JOHNSON & JOHNSON SERVICES, INC.
d/b/a www.jnj.com, and
JOHNSON & JOHNSON INNOVATION LLC
d/b/a www.jnjinnovation.com,

                Defendant(s),
_____X

Plaintiff, JAY WINEGARD (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by their attorney, the Law Offices of Mitchell S. Segal, P.C., hereby files this Class Action Complaint against the Defendants, JOHNSON & JOHNSON, JOHNSON & JOHNSON SERVICES, INC. d/b/a www.jnj.com, and JOHNSON & JOHNSON INNOVATION LLC d/b/a www.jnjinnovation.com, (hereinafter "Defendants") and states as follows:

1. The Plaintiff brings this class action for retribution for Defendants' actions against deaf and hard of hearing individuals residing in New York and within the United States. Defendants have denied the Plaintiff, who is deaf and deaf and hard-of-hearing individuals' access to goods and services provided to non-disabled individuals through their Websites

www.jnj.com  and  www.jnjinnovation.com (hereinafter the "Websites"), and in conjunction with

their physical location of offices, laboratories, innovation centers, live events, advertising offices

and hosting locations, is a violation of Plaintiff's rights under the American with Disabilities Act

("ADA").

2.   On the JNJ.COM Website, under "About J&J" JNJ.COM is described as follows:

> "At Johnson & Johnson, we believe good health is the foundation of
> vibrant lives, thriving communities and forward progress. That's why for
> more than 130 years, we have aimed to keep people well at every age and
> every stage of life. Today, as the world's largest and most broadly based
> healthcare company, we are committed to using our reach and size for good.
> We strive to improve access and affordability, create healthier communities,
> and put a healthy mind, body and environment within reach of everyone,
> everywhere.
>
> Every day, our more than 130,000 employees across the world are blending
> heart, science and ingenuity to profoundly change the trajectory of
> health for humanity."

The JNJINNOVATION.COM Website, under "About us" JNJINNOVATION.COM is described as follows:

> "Johnson & Johnson Innovation seeks to positively impact human
> health through innovation. We do this by helping entrepreneurs realize
> their dreams of creating healthcare solutions that improve peoples' lives
> around the world. We work side-by-side with innovators throughout their
> journey, providing a robust exchange of ideas and resources to support
> their success.
>
> Our mission is to create the leading global innovation network to
> generate transformational healthcare solutions through value-creating
> partnerships.
>
> Johnson & Johnson Innovation is comprised of a family of complementary
> teams that bring meaningful solutions and flexible approaches to
> support collaboration. Our network brings expertise across all sectors:
> consumer, medical devices, pharmaceuticals and global public health.
> Companies can access our support via our Innovation Centers, JLABS,
> JJDC or our Business Development teams."

3.    Defendants provide goods and services to the public through their Websites.  However, due to barriers that make it difficult for deaf and hard-of-hearing individuals to use the Websites, the Plaintiff, and other deaf and hard of hearing individuals cannot understand the audio portion of videos on the Websites and cannot analyze and learn about the COVID-19 crisis and global efforts to develop a vaccine, and the innovation network to learn about transformational healthcare solutions, blogs, and other video content that non - deaf and hard-of-hearing individuals can.

4.    Defendants exclude the deaf and hard of hearing from the full and equal participation on their Websites and therefore denial of their products and services offered thereby and in conjunction with their physical locations and is a violation of Plaintiff's rights under the ADA.

5.    Plaintiff, lives in Queens County, New York State and is a deaf individual. He brings this class action against the Defendants for failing to own and/or operate the Websites that are fully accessible to and usable by deaf and hard-of- hearing people without the help of others in violation of Title III of the American Disabilities Act ("ADA"); the New York Human Rights Law ("NYHRL"); the New York State Civil Rights Law ("NYSCRL"); and the New York City Human Rights Law ("NYCHRL").

6.    Deaf or hard of hearing individuals require closed captioning to understand the audio components of video content. Closed captioning displays text on videos, television programming, or DVD video programming in addition to online websites allowing deaf and hard-of-hearing individuals the same and equally accessible experience as non-deaf or hard of hearing individuals to watch videos by reading the captioned text.

7.    Without closed captioning deaf and hard-of-hearing people cannot enjoy video content on the Defendants' Websites while the general public can.

8.    The Defendants have videos on their Websites without closed captioning, or with limited closed captioning, which are inaccessible to deaf and hard-of-hearing individuals. Without closed captioning, deaf and hard-of-hearing people cannot understand the audio portion of the videos on the Websites.

9.    As a result of the Defendants' Websites not being accessible to deaf and hard-of-hearing persons, Defendants violate state and federal law civil rights laws.

10.    The American Disabilities Act prevents discrimination against people with disabilities. Websites' barriers that prevent accessibility to deaf and hard of hearing individuals are discriminatory acts. New York State also requires access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

11.    The Plaintiff in this matter was on the Defendants' Websites in order to watch videos on the day of May 7, 2020 and subsequent days.  However, due to access barriers, the Plaintiff could not watch the content on the Websites and Plaintiff and Class members will continue to be unable to watch video content on the Websites unless the Defendants correct the existing barriers on the Websites.  The Plaintiff and Class members intend to revisit the Website to learn about COVID-19 crisis and global efforts to develop a vaccine and the innovation network to learn about transformational healthcare solutions, blogs, and other video content.

12. The failure of the Defendants to provide access to the millions of deaf and hard of hearing individuals in the United States violates the American with Disabilities Act ("ADA") goal of providing "full and equal enjoyment" of a public accommodation's goods, services, facilities and privileges. Places of public accommodation include but are not limited to "place[s] of exhibition and entertainment", "place[s] of recreation", "sales or rental establishment[s]" and "service establishments". 28 CFR § 36.201(a); 42 U.S.C. § 12181(7). The Defendants' Websites are a "places of public accommodation" which deny equal access to their video content which is available to hearing individuals and violates the ADA.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, for Plaintiff's claims which arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA"); and 28 U.S.C. § 1332, a class action as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the presumed Class is a citizen of a state other than that of the Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

14. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 under the New York State Human Rights Law, N.Y. Executive Law, Article 15 (Executive Law§ 290 *et seq.),* the New York State Civil Rights Law, N.Y. Laws Article 4 *et seq.*, and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("NYCHRL").

15.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144l(a).

16.  The Defendants' actions occurred while the Plaintiff attempted to watch videos on Defendants' Websites at his home located in the Eastern District.

17.  Defendants are subject to personal jurisdiction in the Eastern District.  Defendants have and are continuing to commit the acts or omissions alleged in the Eastern District of New York that caused injury and violated the Plaintiff's rights and the rights of other deaf and hard of hearing individuals.

18.  This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

19.  The Plaintiff is and has been at all times a resident of Queens County, New York.

20.  Plaintiff is legally deaf and is disabled as defined in the American Disability Act ("ADA") under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.101 et seq., the New York State Human Rights Law, and the New York City Human Rights Law.

21.  Plaintiff has been denied equal access of the facilities, goods, and services of the Defendants' Websites due to their lack of accessibility.  The Plaintiff attempted to watch various videos to learn about COVID-19 crisis and global efforts to develop a vaccine, and the innovation network to learn about transformational healthcare solutions, blogs, and other video content on

www.jnj.com  and www.jnjinnovation.com including but not limited to "Listen to Paul Stoffels, M.D., Vice Chair of the Executive Committee and Chief Scientific Officer, Johnson & Johnson, discuss the value of collaboration." and "What Doctors on the Front Lines of COVID-19 Are Now Saying About the Virus" but was unable to do so due to their lack of closed captioning.  Plaintiff and Class members cannot watch videos on the Websites and have been prevented from accessing the Websites although they would like to and intend to visit the Websites in the future and enjoy video content as non-deaf individuals can and do and learn about COVID-19 crisis and global efforts to develop a vaccine, the innovation network to learn about transformational healthcare solutions, blogs, and other video content.  Currently they cannot.  The Websites are non-accessible. If the Websites were accessible, the Plaintiff and the Class want to access and would access all of their content.   Plaintiff and the Class intend to continuously check the Websites to see if they are accessible so that they can hopefully access the Websites content in the future.


22.  The Defendant JOHNSON & JOHNSON is a Foreign Business Corporation organized under the laws of New Jersey and is registered to do business in the State of New York which is headquartered at One Johnson & Johnson Plaza, New Brunswick, New Jersey, USA.


23.  The Defendant JOHNSON & JOHNSON SERVICES, INC. is a Foreign Business Corporation organized under the laws of Delaware and is registered to do business in the State of New York and has a principal executive office located at One Johnson & Johnson Plaza, New Brunswick, New Jersey, USA.

24.  The Defendant JOHNSON & JOHNSON INNOVATION LLC is a Foreign Limited Liability Company organized under the laws of Delaware and is registered to do business in the State of New York and has a principal executive office located at One Johnson & Johnson Plaza, New Brunswick, New Jersey, USA.

25.  The Defendants own, manage, control and maintain the Websites with the domain names of www.jnj.com and www.jnjinnovation.com (the "Websites").  Defendants offer information and video on COVID-19 crisis and global efforts to develop a vaccine, the innovation network to learn about transformational healthcare solutions, blogs, and other video content. The Defendants also own and leases numerous physical places of public accommodations and offices which operates in conjunction with their Websites.

26.  The Defendants' barriers to accessibility affect millions of deaf and hard-of-hearing individuals throughout the country by preventing full and equal access and enjoyment of a public accommodation's goods, services, facilities, and privileges.

27. The Websites are places of public accommodation defined as a "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7).  Defendants' physical location of offices, laboratories, innovation centers, health and wellness activities, live events, advertising offices, hosting locations, and facilities with all of its various locations are also public accommodations.

28.    The Plaintiff seeks injunctive and declaratory relief requiring the Defendants to correct the barriers which prevent access for death and hard of hearing individuals so that they can enjoy the Defendants' Websites as non-deaf and hard-of-hearing individuals are able to do.

## CLASS ACTION ALLEGATIONS

29. Plaintiff, for himself and on behalf of others similarly situated, seeks class action certification pursuant to the Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the United States who have been denied equal access to goods and services of the Defendants' Websites.

30. Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the State of New York who have been denied equal access to goods and services of the Defendants' Websites.

31. Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York City subclass under Federal Rules of Civil Procedure Rule 23(a) and 23(b)(2) of all deaf and hard of hearing individuals in the City of New York who have been denied equal access to goods and services of the Defendants' Website.

32. The Class is so numerous, being composed of millions of deaf and hard of hearing individuals, that joinder of all members is impracticable.  Additionally, there are questions of law and/or fact common to the Class and the claims of the Plaintiff are typical of the Class claims.

33. Common questions of law and fact exist amongst the Class including:

    a. Whether the Website is a "public accommodations"under the ADA and
       New York laws;

    b. Whether there was a violation under the ADA due to the barriers that exist
       on the Defendant's Website and whether the Plaintiff and the Class
       were denied full and equal enjoyment of the goods, services, facilities,
       privileges, advantages, or accommodations; and

    c. Whether there was a violation under New York law due to the barriers that exist
       on the Defendant's Website and whether the Plaintiff and the Class
       were denied full and equal enjoyment of the goods, services, facilities,
       privileges, advantages, or accommodations.

34. The Plaintiff's claims are typical of those of the Class as they both claim that the

Defendants violated the ADA, and/or the laws of New York by failing to have their Websites

accessible.

35. Plaintiff will fairly and adequately represent and protect the interests of the Class members

as the Plaintiff and the Class are both deaf or hard of hearing individuals having the same claims.

36. Class certification under Fed. R. Civ. P. 23(b)(2) is proper because Defendants have acted

or refused to act on grounds applicable to the Class as a whole, making declaratory and injunctive

relief appropriate.

37. Questions of law or fact which affected Class members predominate questions which

affected individual Class members and a class action will fairly and efficiently determine this

litigation.

38. Counsel for the Plaintiff is experienced representing both Plaintiffs and Defendants in class actions.  As such the Class will be properly represented.

39. Judicial economy requires this action be certified as a class action as it will prevent a voluminous amount of individual lawsuits filed by deaf or hard of hearing individuals throughout the United States.

## FACTUAL ALLEGATIONS

40.    Defendants own, operate, control and maintain the Websites, which provide information and video content on the COVID-19 crisis and global efforts to develop a vaccine, the innovation network to which provides transformational healthcare solutions, blogs, and other video content. The Defendants also own and lease numerous physical places of public accommodations and offices which operates in conjunction with their Websites.

41. The Websites can be viewed by individuals located in New York State in addition to individuals from all states throughout the United States and can be reached from computers, tablets and cellphones which can access the internet.

42. In order for the deaf and hard of hearing to access video content, a website, including the Defendants' Websites, must have the ability to turn voice content into readable content.  Closed captioning is the process by which this is done.  Without the use of closed captioning, a deaf or hard of hearing individual would have to have someone present while they are watching a video

to interpret and explain the audio content for them.

43. Various recommendations and guidelines exist in order to make websites, including the Defendants' Websites, compliant with the ADA. Web Content Accessibility Guidelines ("WCAG") is one of those guidelines.  WCAG 2.1 Section 1.2.2 states that "Captions are provided for all prerecorded audio content in synchronized media, except when the media is a media alternative for text and is clearly labeled as such".   Additionally, Section 508, an amendment to the United States Workforce Rehabilitation Act of 1973, requires all electronic and information technology be accessible to individuals with disabilities and requires closed captioning for video content.

44. The Websites' numerous videos, which cannot be accessed by deaf and hard of hearing individuals, are in violation of the ADA and New York laws.  Videos include most of the Websites videos in addition to the videos the Plaintiff tried to access mentioned herein.

45.  The Plaintiff in this matter was on the Defendants' Websites in order to watch videos on the day of May 7, 2020 in addition to subsequent days.  The Plaintiff attempted to watch various videos to learn about COVID-19 crisis and global efforts to develop a vaccine and the innovation network to learn about transformational healthcare solutions, blogs, and other video content on www.jnj.com  and www.jnjinnovation.com including but not limited to "Listen to Paul Stoffels, M.D., Vice Chair of the Executive Committee and Chief Scientific Officer, Johnson & Johnson, discuss the value of collaboration." and "What Doctors on the Front Lines of COVID-19 Are Now Saying About the Virus" but was unable to do so due to their lack of closed captioning.  Plaintiff

and Class members cannot watch videos on the Websites and have been prevented from accessing the Websites although they would like to and intend to visit the Websites in the future and enjoy video content as non-deaf individuals can and do and learn about COVID-19 crisis and global efforts to develop a vaccine and the innovation network to learn about transformational healthcare solutions, blogs, and other video content. Currently they cannot. The Websites are non-accessible. If the Websites were accessible, the Plaintiff and the Class want to access and would access all of its content. There is no closed captioning on the videos. There are additional videos on the Defendants' Websites which have no closed captioning. The Defendants' access barriers prevent the Plaintiff from enjoying the goods, services and benefits offered by the Websites in conjunction with their physical locations and as such denied the Plaintiff equal access.

46. This lack of closed captioning by the Defendants on their Websites prevent not only the Plaintiff but also the deaf and hard of hearing located in New York State and nationally from having equal access as non-deaf and non-hard of hearing individuals have, preventing deaf and hard of hearing individuals from enjoying the goods, services and benefits offered by the Websites.

47. Defendants have intentionally failed and refused to remove the Websites' barriers of access by failing to use closed captioning thereby denying equal access to the Plaintiff and the Class and discriminates against the Plaintiff and the Class in violation of the ADA and New York laws.

**FIRST CAUSE OF ACTION ON BEHALF OF
THE PLAINTIFF, THE CLASS AND THE SUBCLASS**

Violation of Title III of the Americans with Disabilities Act

48. The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "47" as if fully set forth herein.

49. The Plaintiff is deaf and requires closed captioning to have full and equal access to audio and audiovisual content and has an impairment that substantially limits one or more of his major life activities and is therefore an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

50. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. §36.201.

51. Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities.  Defendants operate a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

52. Defendants have failed to provide closed captioning on their Websites making videos contained on their Websites non-accessible to deaf and hard of hearing individuals.

53. Discrimination under Title III includes the denial of an opportunity for the deaf or hard of hearing to participate in programs or services or to provide a service that is not equal to a service afforded to others.  42 U.S.C. § 12182(b)(l)(A)(i-iii).

54. Defendants discriminate against the Plaintiff on the basis of his disability by denying him an equal opportunity to participate in and benefit from Defendants' goods, services, facilities, privileges, advantages and/or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182 (b)(l)(A)(I), which includes the failure to provide auxiliary aids and services such as closed captioning to ensure effective communication to deaf and hard-of-hearing individuals. 42 U.S.C. § 12182(b)(l)(A)(III); 28 C.F.R. § 36.303(c); 28 C.F.R. § 36.303 (b)(1).

55. Failure to allow individuals with disabilities or a class of individuals having disabilities to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered to others is discrimination 42 U.S.C. § 12182(b)(1)(A)(i).

56. Failure to make modifications that are reasonable in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities is unlawful, unless implementing these modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

57. "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden" is a prohibited discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii).

58. The Defendants' actions or lack of actions are discriminatory acts against the Plaintiff, the Class and the Subclass as they have denied deaf and hard of hearing individuals an equal opportunity to participate and benefit from Defendants' goods, services, facilities, privileges, advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A).  Additionally, the Defendants failed to make reasonable modifications in policies, practices and procedures when necessary to afford the Plaintiff, the Class and Subclass such goods, services, facilities, privileges, advantages or accommodations in violation of 42 U.S.C. § 1282(b)(2)(A)(ii) and failed to take necessary steps to ensure that the Plaintiff and other deaf and hard of hearing individuals are not excluded, denied services, segregated or treated differently than others because of the absence of auxiliary aids and services, including the use of closed captioning on its Websites.

59. The Defendants have denied full and equal access to deaf and hard of hearing

individuals to their Websites by having barriers to their services and accommodations while providing access to their services and accommodations to non-deaf and hard of hearing individuals.

60. By making the necessary modification of adding closed captioning to their Websites, the Defendants would not alter the nature of their goods, services, privileges, advantages or accommodations nor would it result in an undue burden to the Defendants.

61. The Defendants must be enjoined from engaging in these unlawful discriminatory practices such that the Plaintiff, the Class and Subclass will no longer be discriminated against.

62. Absent injunctive relief, there is a clear and imminent risk that the Defendants' discriminatory actions will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

63. Plaintiff is entitled to injunctive relief in addition to attorney fees, costs and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## SECOND CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

Violation of New York State Human Rights Law

64. The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "63" as if fully set forth herein.

65. At all times relevant to this action, the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290 et. seq. covers the actions of the Defendants.

66. Defendants qualify as a person within the meaning of Article 15 of the N.Y. Executive Law § 292(1).

67. The Plaintiff, at all times relevant to this action, has a substantial impairment to a major life activity of hearing and is an individual with a disability under Article 15 of the N.Y. Executive Law § 292(21). The Defendants, at all relevant times to this action, own and operate places of accommodation, the Websites, within the meaning of Article 15 of the N.Y. Executive Law § 292(9) along with its physical locations which include offices, laboratories, Innovation centers, live event locations along with corporate, and advertising locations.

68. Pursuant to Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

69. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices or procedures when they are necessary to afford, facilities, privileges, advantages or accommodations to individuals with disabilities. Article 15 of the N.Y. Executive Law§ 296(2)(a), § 296(2)(c)(i).

70. Defendants' actions violate Article 15 of the N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and the Class, including the Subclass by (i) owning and operating the Websites

that is inaccessible to deaf and hard of hearing persons; and (ii) by not removing access barriers to their Websites in order to make its videos accessible to the deaf and hard of hearing when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies the deaf and hard-of-hearing full and equal access to the facilities, goods and services that the Defendants make available to individuals who are not deaf or hard of hearing. Article 15 of the N.Y. Exec. Law§ 296(2)(c).

71. The Defendants' discriminatory practice also include "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of the N.Y. Exec. Law § 296(2)(c)(ii).

72. Well established guidelines exist for making a website accessible to the deaf and hard of hearing and are easily obtainable. The guidelines have been used and followed by government and businesses in making their websites accessible to the deaf and hard of hearing, including but not limited to the use of closed captioning. Incorporating this component by Defendants in their Websites would not fundamentally alter the Defendants' Websites or business and would not result in an undue burden.

73. Defendants have intentionally and willfully discriminated against the Plaintiff, the Class and Subclass in violation of the New York State Human Rights Law, Article 15 of the N.Y. Exec. Law § 296(2) and this discrimination continues to date.

74. Absent relief, Defendants' discrimination will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

75. Plaintiff is therefore entitled to compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action.  Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq.

**THIRD CAUSE OF ACTION ON BEHALF OF
THE PLAINTIFF AND THE SUBCLASS**

Violation of New York State Civil Rights Law

76. The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "75" as if fully set forth herein.

77. Plaintiff served notice of this lawsuit upon the attorney general as required by N.Y. Civil Rights Law § 41.

78. Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons.  No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof.  N.Y. Civ. Rights Law § 40.

79. No person because of disability, as defined in § 292 (21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation or

institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("CVR") § 40-c.

80. § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function.  As such the Plaintiff is disabled under the N.Y. Civil Rights Law.

81. Defendants discriminate against the Plaintiff and Subclass under CVR § 40 as Defendants' Websites are public accommodation that do not provide full and equal accommodations, advantages, facilities and privileges to all persons and discriminate against the deaf and hard of hearing due to its lack of closed captioning for the death and hard of hearing.

82. Defendants intentionally and willfully failed to remove the barriers on their Websites discriminating against the Plaintiff and Sub-Class preventing access in violation of CVR §40.

83. Defendants have failed to take any steps to halt and corrects their discriminatory conduct and discriminates against and will continue to discriminates against the Plaintiff and the Sub-Class members.

84. Under N.Y. Civil Rights Law § 41 a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendant shall reside.

85. Plaintiff hereby demands compensatory damages of five hundred dollars for the Defendants' acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq.

## FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AND THE SUBCLASS

### Violation of New York City Human Rights Law

86. The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "85" as if fully set forth herein.

87. At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 et. seq. applied to the conduct of the Defendants as the Defendants own and operate the Websites and are persons under the law.

88. At all times concerning this action the Plaintiff has had a substantial impairment to a major life activity of hearing and is an individual with a disability under N.Y.C. Administrative Code § 8-102(16).

89. At all times concerning this action the Defendants' Websites are places of public accommodation as defined in N.Y.C. Administrative Code § 8-102(9).

90. "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ……. disability …. of any person to withhold from or deny to such person any of the accommodations required to make

reasonable accommodations to a disabled individual and may not "refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof" N.Y.C. Admin. Code § 8-107(4)(a).

91. The willful and intentional non-removal of the Websites' barriers of access for the Plaintiff, the Class and the Subclass by the Defendants discriminate against the deaf and hard of hearing by denying them full and equal access to the facilities, goods, and services that Defendants make available to the non-deaf and hard of hearing individuals.

92. It is discriminatory for the Defendants "not to provide a reasonable accommodation to enable a person with a disability to …. enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

93. Defendants' actions will continue to prevent the Plaintiff, the Class and Subclass from accessing the Websites as the remaining public can and the Plaintiff requests injunctive relief.

94. Plaintiff is also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendants' discriminatory conduct in addition to punitive damages and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action.  N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

**FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
CLASS AND SUB-CLASS FOR DECLARATORY RELIEF**

95. The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "94" as if fully set forth herein.

96. The Plaintiff claims that the Websites contains barriers denying deaf and hard-of-hearing individuals full and equal access to the goods and services of the Websites.

97. Defendants' Websites fail to comply with applicable laws and the Defendants discriminate against the Plaintiff and Sub-Class under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq., N.Y. Exec. Law§ 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq.

98. The Defendants deny these claims.

99. The Plaintiff seeks a declaratory judgment such that the parties understand and know their respective rights and obligations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a.  A declaratory judgment pursuant to Federal Rules of Civil Procedure Rule 57 declaring the Defendants' policies, procedures and practices are discriminatory against the Plaintiff in violation of Title III of the Americans with Disabilities Act, The New York Human Rights Law, The New York City Human Rights Law and the laws of New York;

b. Enjoining the Defendants from actions that deny deaf and hard of hearing individuals access to the full and equal enjoyment of Defendants' Websites and from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law§ 296, *et seq.,* N.Y.C. Administrative Code§ 8-107, *et seq.,* and the laws of New York;

c. An Order of the Court requiring the Defendants to make the Websites fully compliant with the requirements set forth in the ADA, and its regulations, so that the Websites are readily accessible to and usable by deaf and hard-of-hearing individuals;

d.  An Order of the Court which certifies this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3); appointing Plaintiff as Class Representative; and his attorney as counsel for the Class;

e.  Compensatory damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under New York State Human Rights Law and New York State Civil Rights Law;

f.  Compensatory damages, punitive damages, penalties and fines pursuant to the New York City Human Rights Law;

g.  Reasonable costs, disbursements and Plaintiff's attorney fees pursuant to the ADA, New York Human Rights Law, New York City Human Rights Law and the laws of New York;

h.  For pre-judgment and post-judgment interest to the highest extent permitted by law; and

i.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself the Class and Sub-Class demands a trial by jury on all issues and requested relief.

Dated: Great Neck, New York
      May 11, 2020              /s/ Mitchell Segal
                                _____
                                Mitchell Segal, Esq.
                                Law Offices of Mitchell Segal, P.C.
                                *Attorneys for Plaintiff, the Class and Subclass*
                                1010 Northern Boulevard, Suite 208
                                Great Neck, New York 11021
                                Ph. (516) 415-0100
                                Fx. (516) 706-6631